IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## APRIL TERM, 1790.

---

### THE STATE v. CARR AND OTHERS.

One of several indicted, not admitted a witness, though no evidence adduced to criminate him.

---

This was an indictment for larceny, and on the trial, no evidence appearing against one of the prisoners, the counsel for the others moved that he might be sworn as a witness in their behalf.

*Attorney-General, contra.*

The court overruled the motion and rejected the witness.

NOTE.—In an *information* for a misdemeanor, the Attorney-General offered to examine one of the defendants as a witness for the king, which the court would not permit until a *nolle prosequi* was entered. *Bull. N. P.* 285. And where one was through mistake made a party, the court gave permission, after issue joined, to strike his name from the record, and admitted him as a witness. *Siderfin* 441. So where one was made a defendant for the express purpose of excluding his testimony, if nothing be proved against him, he may be admitted as a witness. *Bull. N. P.* 285. But the

fact must clearly appear that there is no evidence to inculpate him. *Addison* 352, *Pennsylvania* v. *Leach.* And where a verdict has passed against a defendant, or for him, or he has suffered judgment to go by default, (*Bull.* 285,) or on submission has been fined, (*Rex* v. *Fletcher*, 1 *Str.* 633,) he is a competent witness. In such case the confessions of the party who makes default, may be given in evidence to show the amount of damages. *Bostwick* v. *Lewis*, 1 *Day's Cases* 33. See *Peake's Evid.* 160; *Gilb. Evid.* 134; *Stockham* v. *Jones et al.*, 10 *Johns.* 21; *The People* v. *Rill*, 10 *Johns.* 95; 2 *Caines* 79, *nota;* 2 *Campbell N. P.* 333, *nota.*